UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re NEWPARK RESOURCES, INC.                    CIVIL ACTION
DERIVATIVE LITIGATION

VERSUS                                           No. 06-7340
                                                 C/W 06-7468
                                                     07-0157
                                                     07-9025

This Document relates to:                        SECTION E/4
    **C.A. NO. 07-9025**

### RULING ON MOTION

The following motion is before the Court: (1) defendants Newpark Resources, Inc.'s ("Newpark") and Paul L. Howes' ("Howes") Motion to Dismiss Certain Claims, r.d. #79, (C.A. No. 07-9025, r.d. #4).  The motion was considered on the briefs, and for the following reasons, is granted in part and denied in part.

### BACKGROUND

In June of 2005, plaintiff Matthew W. Hardey ("Hardey") signed a "letter agreement" with Newpark, by William Thomas Ballantine, then Newpark's president, to become Chief Financial Officer of Newpark.  Complaint, ¶¶4-5.  That agreement included a definition of "cause" in case of termination.  Id., ¶6.  On April 12, 2006, Hardey was placed on administrative leave, and he was terminated for cause by letter from Howes[1] dated June 29, 2006.  Id., ¶¶7-8.

In fall of 2006 and early 2007, several plaintiffs filed three Verified Shareholder Derivative Complaints, alleging, *inter alia*,

---
[1] Paul L. Howes is the current CEO of Newpark.

that James Cole[2] ("Cole") and Hardey, and others, engaged in activities that violated the Sarbanes-Oxley Act of 2002, Section 14(a) of the Securities Exchange Act of 1934, and breached fiduciary duties owed to Newpark and its shareholders, abused their control within Newpark, and engaged in acts that constituted mismanagement and corporate waste. Complaint, C.A. 06-7340, r.d. #1, and consolidated cases.  Because these cases were derivative actions, Newpark was named as a nominal defendant. Some of the actions alleged in the complaints were later made public through filings with the Securities and Exchange Commission ("SEC") and Newpark press releases.

On July 30, 2007, the derivative plaintiffs filed a motion for preliminary approval of a settlement agreement, and a memorandum in support.  R.d. #47.  The motion outlined a compromise wherein the plaintiffs agreed to settle their claims against certain of Newpark's officers and directors and Newpark, and plaintiffs agreed to assign their claims against Cole and Hardey, who did not join the settlement, to Newpark.[3]  On October 9, 2007, a partial final judgment was entered approving the settlement of the plaintiffs'

---

[2]Cole had agreed to a written employment agreement to be Chief Executive Officer of Newpark on May 2, 2005.

[3]As part of the settlement, Newpark agreed to pay the derivative plaintiffs $585,000.00 in attorneys' fees and adopt certain corporate and governance measures to prevent future acts similar to those alleged in the complaints.  That settlement also noted that Newpark was settling a related securities class action based on allegations similar to those in the derivative complaints for $8.3 million.

claims, and assigning those claims against Cole and Hardey that were not included in the settlement to Newpark. R.d. #56. The District Court retained jurisdiction over those claims against Cole and Hardey. Id.

On the same day the Rule 54(b) Judgment was entered in the lead case, Hardey filed suit against Newpark and Howes individually alleging (1) breach of the written letter agreement (regarding termination for "cause" as defined in the agreement); (2) defamation (regarding statements made in the SEC 10-K filing which were repeated in the press); (3) violation of the Louisiana Unfair Trade Practices Act ("LUTPA"), La. R.S. 51:1401 et seq.; and (4) negligence in the selection of personnel and entities to conduct the investigation into alleged irregularities, in the supervision of the personnel and entities during the conduct of the investigation, in the supervision of the handling, reporting, publication of the results of the investigation, and in failing to correct incorrect public statements concerning Mr. Hardey after Newpark was provided with contrary evidence. Complaint, ¶21, C.A. No. 07-9025, Hardey v. Newpark Resources, Inc., et al.

The defendants' motion requests dismissal of all claims against Howes individually, and the LUTPA and defamation claims against Newpark.

### ANALYSIS

Dismissal of a complaint pursuant to F.R.Civ.P. 12(b)(6) is

proper only if the pleadings on their face reveal beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief, or if an affirmative defense or other bar to relief appears on the face of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), the Supreme Court restated the accepted pleading standard: "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1968. The court must also assume that the allegations in plaintiff's complaint are true, and must resolve any doubt regarding the sufficiency of plaintiff's claims in his favor. Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278 (5th Cir. 1993). Nevertheless, a plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000). A complaint may be dismissed if it fails to allege an element of a claim necessary to obtain relief. Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995)

In his opposition to the motion to dismiss, Hardey concedes that dismissal is proper re: (1) the LUTPA claim, because he lacks standing to bring such a claim; and (2) the defamation claim, because the defendants are entitled to absolute or qualified privilege regarding the defamation claims. Hardey's opposition

does not argue that the breach of contract claim against Howes should not be dismissed, but does argue that Hardey has stated a colorable tort claim against Howes individually, and that he had a personal role that imparts personal liability for that tort claim - that he failed to correct incorrect public statements regarding Mr. Hardey after he had evidence that the statements were incorrect. *See* Hemphill-Kunstler-Buhler, Auctioneers and Appraisers v. Davis Wholesale Electronics Co., Inc., 516 So.2d 402, 403-404 (La. App. 1st Cir. 9187), *writ denied* 520 So.2d 751 (La. 1988)("However, Louisiana law is settled that if an officer or agent of a corporation through his fault injures another to whom he owes a personal duty, *whether or not the act culminating in the injury is committed by or for the corporation*, the officer or agent is liable personally to the injured third party, and it does not matter that liability might also attach to the corporation." (Emphasis in original.))

The Court concludes that the LUTPA and defamation claims against all defendants must be dismissed, and the breach of contract claims against Howes individually must be dismissed. The tort claim against Howes individually and the breach of employment contract claim and tort claim against Newpark survive the motion to dismiss.

Accordingly;

**IT IS ORDERED** that the defendants Newpark's and Howes' Motion

to Dismiss Certain Claims is **GRANTED IN PART**, dismissing with prejudice plaintiff's LUTPA claim and defamation claim against all defendants, and the breach of employment contract claim against defendant Howes individually; and,

   **IT IS FURTHER ORDERED** that the defendants Newpark's and Howes' Motion to Dismiss Certain Claims is **DENIED IN PART** as to plaintiff's breach of employment contract claim against Newpark and his tort claims against all defendants.

   New Orleans, Louisiana, this 13TH day of February, 2008.


   _____
   **MARCEL LIVAUDAIS, JR.**
   **Senior United States District Judge**